Mauro Fiore, Jr. (SBN 196857)
mfiore@fiorelegal.com
Sergio J. Puche (SBN 289437)
spuche@fiorelegal.com
LAW OFFICES OF MAURO FIORE, JR.
136 E. Lemon Ave.
Monrovia, CA 91016
Telephone: (626) 856-5856
Facsimile: (626) 386-5828

Attorneys for Plaintiff
*Raul Carranza*

Susan L. Gutierrez (SBN 273980)
sgutierrez@proskauer.com
Elaine H. Lee (SBN 294002)
ehlee@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Nigel F. Telman (appearing *pro hac vice*)
ntelman@proskauer.com
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3548
Facsimile: (312) 962-3551

Attorneys for Defendant
*McDonald's Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul Carranza, an individual,<br><br>                              Plaintiff,<br><br>                    v.<br><br>McDonald's Corporation, a corporation;<br>and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No. 2:16-cv-09572-VAP-SS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:      March 6, 2017<br>Time:      1:30 p.m.<br>Judge:    Hon. Virginia Phillips<br>Ctrm.:     8A<br><br>Action Filed: October 26, 2016<br>Removed:      December 28, 2016<br>Trial Date:    None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Civil Rule 26-1, and the Court's Order Setting Rule 26(f) Scheduling Conference, Plaintiff Raul Carranza ("Plaintiff") and Defendant McDonald's Corporation ("Defendant") (together, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Rule 26(f) Report in anticipation of the Scheduling Conference set for March 6, 2017.  This Report is based on the Parties' conference of counsel, which occurred on February 13, 2017.

## A.   SYNOPSIS / BRIEF STATEMENT OF THE CASE

Plaintiff alleges Defendant engaged in harassment and sexual harassment in violation of the California Fair Employment and Housing Act ("FEHA").  Plaintiff also claims that Defendant discriminated against him on the basis of his race, national origin, language use restrictions, sex, gender, and sexual orientation, retaliated against Plaintiff for engaging in a protected activity, and failed to take all reasonable steps necessary to prevent harassment and discrimination from occurring—all in violation of the FEHA.  Plaintiff alleges he was constructively discharged, has experienced emotional distress as a result of Defendant's conduct, and requests punitive damages.

Defendant denies all of Plaintiff's material allegations.   Specifically, Defendant denies that it harassed or discriminated against Plaintiff based on his race, national origin, language use restrictions, sex, gender, and/or sexual orientation, or that it failed to prevent any such harassment or discrimination.  In addition, Defendant denies that it engaged in any retaliation against Plaintiff, that Plaintiff was constructively discharged, or that it intentionally inflicted emotional distress upon Plaintiff or was otherwise negligent.  Defendant further denies that it engaged in conduct that would support Plaintiff's allegations of willfulness, maliciousness, or oppressive or despicable conduct.  As to damages, Defendant contends that Plaintiff is not entitled to recover any sum at all.  A complete statement of Defendant's affirmative defenses is set forth in its Answer, filed in

1

state court on December 27, 2016, and which is attached as Exhibit "C" to the Declaration of Susan L. Gutierrez filed in support of Defendant's Notice of Removal (Dkt. Nos. 1 & 1-1).

**B.**  **SUBJECT MATTER JURISDICTION**

The parties stipulate that venue is proper in this District, that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, and that the Court has personal jurisdiction over Defendant.  All current parties have been served.

**C.**  **KEY LEGAL ISSUES**

Plaintiff contends that the key legal issues are as follows:

- Whether Defendant engaged in harassment or discrimination based on Plaintiff's race, national origin, language use restrictions, sex, gender, and/or sexual orientation.
- Whether Defendant retaliated against Plaintiff for engaging in a protected activity.
- Whether Defendant failed to prevent harassment and/or discrimination.
- Whether Plaintiff was constructively discharged.

Defendant contends that Plaintiff cannot establish that he was subjected to harassment, discrimination, and/or retaliation in violation (let alone willful violation) of the Fair Employment and Housing Act ("FEHA").

The Parties are presently unaware of any unusual substantive, procedural, or evidentiary issues.

**D.**  **INSURANCE**

Not applicable.

**E.**  **DISCOVERY**

**(1)**  **Initial Disclosures.**  The Parties will make their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C).  The Parties do not request any

changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

**(2)    Plan & Cut-Offs.**

*(a)  Discovery Plan***.**  The Parties anticipate conducting the following (non-expert) discovery:

- Interrogatories;
- Document requests;
- Requests for admission;
- Rule 30(b)(6) deposition;
- Percipient witness depositions;
- Depositions of any expert witnesses designated by the Parties.

The Parties anticipate bifurcating the issue of punitive damages, but do not otherwise anticipate any need for bifurcation of liability and damages.

*(b)    Discovery Cut-Offs & Schedule***.**    The Parties' proposed discovery schedule is set forth in Exhibit A.

**(3)    Disclosure of Discovery of ESI.**  The Parties presently are not aware of any issues about the disclosure or discovery of electronically stored information.  The Parties anticipate that electronically stored information will be produced in native files with .dat load files, except for Microsoft Excel files that can be imaged.

**(4)    Issues About Claims of Privilege/Work Product.**  The Parties do not currently anticipate the need for treatment of privileged documents that is different than in other cases.  The Parties agree that privileged documents, if any, will be reflected on a privilege log produced in connection with discovery responses.

The Parties further reserve the issue pending determination of what privileged materials, if any, arise in the course of responding to discovery requests.

The Parties acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur.  If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and topic of the document as well as a brief explanation substantiating the claim of privilege.  If these conditions are met, the receiving party shall sequester (for purposes of challenging the claim of privilege), destroy, or return to the producing party such inadvertently produced materials and all copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

The receiving party may challenge the producing party's claim of privilege or work-product by making a motion to compel to the Court.  If the receiving party sequesters the inadvertently produced materials, such information must not be used or disclosed until the claim is resolved, other than for its motion to compel.  Further, the record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action.   No information in an inadvertently produced document may be used or relied upon for any other purpose in this Action until the Court so orders.

**(5)   Changes in Limitations on Discovery.**  The Parties do not propose any changes to be made to the limitations on discovery under the Fed. R. Civ. P. or the Local Rules, nor do the Parties believe discovery should be conducted in phases or limited to or focused on particular issues.

**(6)** **Additional Orders.** The Parties contemplate entering into a stipulation to maintain the confidentiality of certain information via a protective order.

## F.  MOTIONS AND ADDITIONAL PARTIES

At present, the Parties do not expect to file any motions seeking to add other parties or claims, file amended pleadings, and/or transfer venue. Both Parties anticipate filing motions *in limine* before trial.

## G.  DISPOSITIVE MOTIONS

Defendant anticipates filing a motion for summary judgment or summary adjudication as to some or all of Plaintiff's claims, including, without limitation, whether any genuine issues of material fact exist with respect to Defendant's alleged harassment towards or discrimination against Plaintiff, retaliation, failure to prevent harassment and discrimination, and Plaintiff's constructive discharge. Defendant will file any such motions sufficiently in advance of the proposed dispositive motion cut-off date as reflected in the table in Exhibit A.

## H.  SETTLEMENT / ADR

No settlement discussions or written communications concerning settlement have occurred. Pursuant to Central District Local Rules 26(c) and 16-15.4 (and as indicated on Exhibit A):

The Parties select Settlement Procedure No. 3, which states that "[t]he parties shall participate in a private dispute resolution proceeding."

## I.  TRIAL COUNSEL

| Party | Trial Counsel |
|---|---|
| Plaintiff | Mauro Fiore, Jr. (Lead Counsel); Sergio Puche |
| Defendant | Nigel F. Telman (Lead Counsel); Susan L. Gutierrez; Elaine H. Lee |

**J.     COMPLEX CASE (L.R. 26-1(a))**

This is not a complex case, and the Parties do not believe any or all of the procedures of the Manual for Complex Litigation should be utilized.

**K.     OTHER ISSUES**

For service of documents on or after February 13, 2017, the parties agree that service of documents electronically by email by 5:30 p.m. on a business day shall be deemed personally served as of that business date, and that emails received after 5:30 p.m. shall be deemed served on the following business day, as detailed in a forthcoming stipulation.  In any event, the Parties shall send courtesy copies via U.S. mail.

Dated:  February 27, 2017          LAW OFFICES OF MAURO FIORE, JR.
                                   Mauro Fiore, Jr.
                                   Sergio J. Puche

                                   By  _____/s/ Sergio J. Puche_____
                                                   Sergio J. Puche

                                   Attorneys for Plaintiff
                                   *Raul Carranza*

Dated:  February 27, 2017          PROSKAUER ROSE LLP
                                   Nigel F. Telman
                                   Susan L. Gutierrez
                                   Elaine H. Lee

                                   By  _____/s/ Elaine H. Lee_____
                                                   Elaine H. Lee

                                   Attorneys for Defendant,
                                   *McDonald's Corporation*

**SIGNATURE ATTESTATION**

Pursuant to Central District California Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is

submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated:  February 27, 2017          PROSKAUER ROSE LLP

By _____ */s/ Elaine H. Lee*
                        Elaine H. Lee

Attorneys for Defendant,
*McDonald's Corporation*

JOINT RULE 26(f) REPORT

**EXHIBIT A**

**SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Matter | Pl.'s Request | Def.'s Request | Court's Order |
|---|---|---|---|
| Trial Date (**Tuesday**) Jury / Court trial Length: _____ days | September 25, 2018 Jury Trial 7-10 days | September 25, 2018 Jury trial (per Complaint) 5-7 days | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | August 28, 2018 (4 weeks before trial) | August 28, 2018 (4 weeks before trial) | |
| Last day to conduct Settlement Conf., L.R. 16−15 | July 27, 2018 (60 days before trial) | July 27, 2018 (60 days before trial) | |
| Last day for **hearing** non−discovery motions | July 27, 2018 (60 days before trial) | July 27, 2018 (60 days before trial) | |
| All Discovery Cutoff, including hearing all discovery motions | February 27, 2018 (~7 months before trial) | February 27, 2018 (~7 months before trial) | |
| Expert Disclosure (rebuttal) | April 30, 2018 (~5 months before trial) | April 30, 2018 (~5 months before trial) | |
| Expert Disclosure (initial) | March 29, 2018 (~6 months before trial) | March 29, 2018 (~6 months before trial) | |

JOINT RULE 26(f) REPORT

| Matter | Pl.'s Request | Def.'s Request | Court's Order |
|---|---|---|---|
| Last day to amend pleadings or add parties | April 5, 2017 (30 days after scheduling conference) | April 5, 2017 (30 days after scheduling conference) | |
| Last day for filing motion for class certification (if applicable) | N/A | N/A | |
| Hearing on motion for class certification (if applicable) | N/A | N/A | |

LOCAL RULE 16−15 Settlement Choice:

    ☐ U.S. Magistrate Judge (#1)

    ☐ Attorney Settlement Officer Panel (#2)

    ☒ Outside ADR (#3)