Mauro Fiore, Jr. (SBN 196857)
mfiore@fiorelegal.com
Sergio J. Puche (SBN 289437)
spuche@fiorelegal.com
LAW OFFICES OF MAURO FIORE, JR.
136 E. Lemon Ave.
Monrovia, CA 91016
Telephone: (626) 856-5856
Facsimile: (626) 386-5828

Attorneys for Plaintiff
*Raul Carranza*

Susan L. Gutierrez (SBN 273980)
sgutierrez@proskauer.com
Elaine H. Lee (SBN 294002)
ehlee@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Nigel F. Telman (appearing *pro hac vice*)
ntelman@proskauer.com
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3548
Facsimile: (312) 962-3551

Attorneys for Defendant
*McDonald's Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul Carranza, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>McDonald's Corporation, a corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 2:16-cv-09572-VAP-SSx<br>Judge: Hon. Virginia Phillips<br><br>**DISCOVERY MATTER:<br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Action Filed: October 26, 2016<br>Removed: December 28, 2016<br>Trial Date: January 30, 2018 |

Upon consideration of this Stipulation to a Protective Order Regarding Confidential Information between plaintiff Raul Carranza and defendant McDonald's Corporation, filed in the above-entitled action, and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

## **DEFINITIONS**

1. (a) <u>Party</u>. Any party to this action, including the party's officers, directors and employees.

(b) <u>Disclosure or Discovery Material</u>. Information and tangible things, regardless of how created, stored or maintained, produced in disclosures or responses to discovery in this action. Discovery Material includes, among other things, transcripts of deposition testimony taken in this action.

(c) <u>Producing Party</u>. A Party or nonparty that produces Disclosure or Discovery Material.

(d) <u>Receiving Party</u>. A Party that receives Disclosure or Discovery Material from a Producing Party.

(e) <u>Confidential Disclosure or Discovery Material</u>. Disclosure or Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c).

(f) <u>Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material</u>. Highly sensitive Confidential Disclosure or Discovery Material, which, if disclosed to another Party or nonparty, would create a substantial risk of serious competitive, financial, or other injury to the disclosing party, which could not be avoided by less restrictive means, including, without limitation, any Discovery Material ordered by the Court to be disseminated on a Highly-Confidential-Attorneys' Eyes Only basis.

1         (g) <u>Protected Material</u>. Disclosure or Discovery Material that is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

        (h) <u>Designating Party</u>. A Party or nonparty that designates Protected Material.

        (i) <u>In-House Counsel</u>. Attorneys (and their support staffs) who are employees of a Party.

        (j) <u>Outside Counsel</u>. Attorneys (and their support staffs) who are not employees of a Party but who are retained to represent or advise a Party in this action.

        (k) <u>Counsel (without qualifier)</u>. Outside Counsel and In-House Counsel (and their support staffs).

        (l) <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Counsel to serve as an expert witness or consultant. This definition includes a professional jury or trial consultant retained in connection with this action.

        (m) <u>Professional Vendors</u>. Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

        (n) <u>Final Disposition</u>. (1) Entry of judgment and either exhaustion of all appeals or expiration of the time in which to appeal; or (2) a settlement among all parties and dismissal such that no action remains pending.

## **SCOPE**

2.    The protections conferred by this Protective Order cover not only Protected Material, but also any information extracted from Protected Material, including, but not limited to, copies, excerpts, summaries, compilations, testimony,

1 | conversations, or presentations by a Party or Counsel to or in court or in other
2 | settings that might reveal Protected Material.

## DURATION

3. Even after Final Disposition, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## DESIGNATING PROTECTED MATERIAL

4. (a) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or nonparty that designates Disclosure or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate as Protected Material only those parts of Disclosure or Discovery Material that qualify, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

(b) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

(i) <u>For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party that makes original documents or materials available for inspection need not designate them for protection until after

the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the Producing Party must affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the top of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted, either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(ii) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>: that the Party or nonparty offering, sponsoring or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that offers, sponsors or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be

covered by the provisions of this Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as instructed by the Party or nonparty offering, sponsoring or giving the testimony. Failure of counsel to designate testimony or exhibits as Protected Material at the deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty (30) calendar days of receipt of the transcript of the deposition, counsel shall be entitled to designate specific testimony or exhibits as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If counsel for the deponent or Party fails to designate the transcript or exhibits as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.

(iii) <u>For information produced in some form other than documentary form and for any tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion of the material qualifies for protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as CONFIDENTIAL or as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. To the extent that any Receiving Party prints any of the Protected Material contained in the non-paper media, such printouts will be marked as described in Section 4(b)(i) above by the Receiving Party.

5. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Confidential Disclosure or Discovery Material, or Highly

Confidential – Attorneys' Eyes Only Disclosure or Discovery Material, for protection as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such Disclosure or Discovery Material. If Disclosure or Discovery Material is appropriately designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after it was initially produced, the Receiving Party, on timely notification of the designation by the Designating Party, must make reasonable efforts to assure that such Protected Material is treated in accordance with the provisions of this Protective Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

6. (a) <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith. In accordance with Local Rule 37-1, Outside Counsel for the challenging Party shall begin the process by delivering a letter requesting a conference. Within ten (10) days after receipt of such letter, Outside Counsel for the Designating Party shall provide in writing the bases for the Designating Party's contention that the confidentiality designation is proper. The challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process. A failure to respond to the challenging Party's letter within the requisite time constitutes consent to the challenge.

(c) <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation may file and serve a motion and the required joint

6

stipulation in compliance with Civil Local Rule 37-2 and in compliance with Local Rule 79-5 regarding the filing of document under seal. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

7. (a) <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or a nonparty only for prosecuting or defending this action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Upon Final Disposition of this action, a Receiving Party must comply with paragraph 16, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(b) <u>Disclosure of Protected Material Designated CONFIDENTIAL</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated CONFIDENTIAL only to:

(i) The Receiving Party's Outside Counsel of record in this action, and employees of said Outside Counsel to whom it is reasonably necessary to disclose the Protected Material for purposes of this litigation;

(ii) The Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for purposes of this litigation;

(iii) The Receiving Party's officers, directors and employees to whom disclosure is reasonably necessary for this litigation;

(iv) The Receiving Party's disclosed and undisclosed Experts and their secretarial, technical and clerical employees who are actively assisting in

the preparation of this litigation, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (the signed original shall be delivered to and maintained by the Designating Party, except in respect to undisclosed Experts, in which event the signed original shall be delivered to and maintained by the Party who retained the undisclosed Expert);

    (v)    The Court and its personnel;

    (vi)    The jury for purposes of trial;

    (vii)    Certified stenographic reporters and videographers retained in connection with this action, and their staffs;

    (viii)    Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (ix)    During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (the signed original shall be delivered to and maintained by the Designating Party). If a witness declines to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly present the issue to the Court.

    (x)    The author of the document or the original source of the information.

    (c)    <u>Disclosure of Protected Material Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

    (i)    The Receiving Party's Outside Counsel of record in this action, and employees of said Outside Counsel to whom it is reasonably necessary to disclose the Protected Material for purposes of this litigation;

(ii) The Receiving Party's disclosed and undisclosed Experts and their secretarial, technical and clerical employees who are actively assisting in the preparation of this litigation, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (the signed original shall be delivered to and maintained by the Designating Party, except in respect to undisclosed Experts, in which event the signed original shall be delivered to and maintained by the Party who retained the undisclosed Expert);

(iii) The Court and its personnel;

(iv) The jury for purposes of trial;

(v) Certified stenographic reporters and videographers retained in connection with this action, and their staffs;

(vi) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(vii) The author of the document or the original source of the information.

(d) <u>Procedures for Approving Disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to Experts</u>. Documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be shown to any Expert, together with his or her secretarial, technical and clerical staff who are actively assisting in the preparation of this litigation. Before disclosure to any such Expert, the Person to whom such information is to be disclosed shall execute the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney of record making the disclosure shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The foregoing notwithstanding, any such Expert who is an employee of a competitor of any of the Parties (other than one of the Parties) shall not be shown or otherwise given access to documents or

information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". Any expert who is an employee of any of the Parties shall not be shown or otherwise give access to documents or information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Receiving Party must notify the Designating Party, in writing (by e-mail, if possible, and U.S. mail) within a reasonable time and in no event more than ten (10) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Within the same 10-day period the Receiving Party also must: (a) provide written notice to the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order; and (b) deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection of its confidential material in that court. Nothing in this paragraph should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9. If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized

under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person to whom unauthorized disclosure was made of all terms of this Protective Order, and (d) request such person to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## FILING PROTECTED MATERIAL

10. If a Party wishes to submit Protected Material to the Court, the Party shall submit the Protected Material for filing under seal subject to Court approval. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

## INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

11. The inadvertent production of documents or information to the Receiving Party shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or information so furnished, if, after discovering the inadvertent disclosure, the Designating Party designates any such document or information as within either the attorney-client privilege or work product immunity and requests return of any such document or information to the Designating Party. Upon request by the Designating Party for return of any such document or information designated as within either the attorney-client privilege or work product immunity, the Receiving Party shall immediately return to the Designating Party all copies of such documents and all documents containing or referring to such information. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court. If such a motion is filed, the Designating Party shall make the documents and/or information available for in-camera inspection by the court. The moving Party shall not assert

that such inadvertent production is a basis for finding a waiver of attorney-client privilege or work product immunity.

## NO EFFECT ON PARTY'S OWN USE

12. Nothing contained in this Order shall affect the right of a Designating Party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Material it designated and produced as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

## NO EFFECT ON RENDERING LEGAL ADVICE

13. Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Material produced by another Party herein to any Person who is not authorized to receive such information under the provisions of this Order.

## NO EFFECT ON DISCLOSURE TO AUTHOR OR ADDRESSEES

14. Nothing contained in this Order shall affect the right of a party to disclose any Protected Material designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the author or addressee of the document.

## NO APPLICABILITY TO INDEPENDENTLY OBTAINED OR PUBLIC INFORMATION

15. No party shall be bound by this Order as to any Protected Material which:

    A. Is lawfully obtained independent of this litigation; or

    B. At the time it is disclosed, is generally known to the public;

    C. After it is disclosed, is generally known to the public, provided

that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

**FINAL DISPOSITION**

16. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. "All Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies, by category, where appropriate, all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 3 (DURATION), above.

**MISCELLANEOUS**

17. (a) <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

(b) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    (c) <u>Non-Party Production</u>. A non-party producing information voluntarily or pursuant to a subpoena or a court order may designate such information as Protected Material pursuant to the terms of this Order. A non-party's use of this Order to protect its Protected Material does not entitle that non-party access to the Protected Material produced by any Party in this case. Any Party may designate documents or information produced by a non-party as Protected Material pursuant to the terms of this Order, by providing written notice of the designation and a copy of the designated pages marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on each page that contains Protected Material.

Dated: 7/19/17

                                              Suzanne H. Segal
                                    United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California, on _____ [date] in the case of *Carranza v. McDonald's Corporation*, Case No. 2:16-cv-09572-VAP-SSx. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

81240084v1